UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

_____

ERIC DAUGHERTY,
JEFF PIERCE,
JORDAN POCOBELLO,
PATRICK RYAN,
DENISE VAILLANCOURT,
RANDY GRIFFITH,
JARED FACTEAU,
TYLER DANIELS,
DAVID BONK,
AARON CLELAND,
JEFFREY GREENE,
BLAKE GRAHAM,
ANTHONY TACTI,
VERDON NICHOLS,
RYAN KNOSPE,
THOMAS GUMKOWSKI,
BRIAN HOORNBEEK,
CLIFTON COLE, and
All similarly situated Corrections Officers formerly employed
by the New York State Department of Corrections and Community
Supervision,

                              Plaintiffs,

- v -

THE STATE OF NEW YORK,
NEW YORK STATE DEPARTMENT OF CORRECTIONS
AND COMMUNITY SUPERVISION,
KATHY HOCHUL, Governor of the State of  New York,
in her official and personal capacity,
DANIEL MARTUSCELLO III, Commissioner of the
New York State Department of Corrections and Community
Supervision, in his official and personal capacity,
JAIFA COLLADO, Executive Deputy Commissioner of the
New York State Department of Corrections and Community
Supervision, in her official and personal capacity,
DARREN AYOTTE, Deputy Commissioner for Administrative
Services of the New York State Department of Corrections and
Community Supervision, in his official and personal capacity,
ANDREW BOYD, Superintendent of Adirondack
Correctional Facility, in his official and personal capacity,
MELINDA SAMUELSON, Superintendent of Albion

**COMPLAINT**

Civil Action No. _____

*Presiding Judge to be determined upon
judicial assignment*

JURY TRIAL DEMANDED

Correctional Facility, in her official and personal capacity,
STANLEY BARTON, Superintendent of Altona
Correctional Facility, in his official and personal capacity,
JULIE WOLCOTT, Superintendent of Attica Correctional
Facility, in her official and personal capacity,
THOMAS NAPOLI, Superintendent of Auburn
Correctional Facility, in his official and personal capacity,
DENNIS BRADFORD, Superintendent of Bare Hill
Correctional Facility, in his official and personal capacity,
EILEEN RUSSELL, Superintendent of Bedford Hills
Correctional Facility, in her official and personal capacity,
MARCIA CLEVELAND, Superintendent of Cape Vincent
Correctional Facility, in her official and personal capacity,
THOMAS GEE, Superintendent of Cayuga
Correctional Facility, in his official and personal capacity,
MARIE JOSEE KING, Superintendent of Clinton
Correctional Facility, in her official and personal capacity,
LEANNE LATONA, Superintendent of Collins
Correctional Facility, in her official and personal capacity,
BROOKE BLAISE, Superintendent of Coxsackie
Correctional Facility, in her official and personal capacity,
LYNN LILLEY, Superintendent of Eastern
Correctional Facility, in her official and personal capacity,
SEIVERIGHT MILLER, Superintendent of Edgecomb
Residential Treatment Facility, in his official and personal capacity,
KEVIN MCCARTHY, Superintendent of Elmira
Correctional Facility, in his official and personal capacity,
MICHAEL DAYE, Superintendent of Fishkill
Correctional Facility, in his official and personal capacity,
REGINALD BISHOP, Superintendent of Five Points
Correctional Facility, in his official and personal capacity,
SANDRA DANFORTH, Superintendent of Franklin
Correctional Facility, in her official and personal capacity,
MARK ROCKWOOD, Superintendent of Gouverneur
Correctional Facility, in his official and personal capacity,
MARK MILLER, Superintendent of Green Haven
Correctional Facility, in his official and personal capacity,
AARON TORRES, Superintendent of Greene
Correctional Facility, in his official and personal capacity,
JOEY CLINTON, Superintendent of Groveland
Correctional Facility, in his official and personal capacity,
RACHEL YOUNG, Superintendent of Hale Creek
ASACTC, in her official and personal capacity,
STEPHEN BRANDOW, Superintendent of Hudson
Correctional Facility, in his official and personal capacity,
ANDREA SCHNEIDER, Superintendent of Lakeview Shock

- 2 -

Correctional Facility, in her official and personal capacity,
BENNIE THORP, Superintendent of Marcy
Correctional Facility, in his official and personal capacity,
BRYAN HILTON, Superintendent of Mid-State
Correctional Facility, in his official and personal capacity,
ALFRED MONTEGARI, Superintendent of Mohawk
Correctional Facility, in his official and personal capacity,
AMY COOK, Superintendent of Orleans
Correctional Facility, in her official and personal capacity,
DELTA BAROMETRE, Superintendent of Otisville
Correctional Facility, in her official and personal capacity,
LINDA CARRINGTON-ALLEN, Superintendent of Queensboro
Correctional Facility, in her official and personal capacity,
BRIAN MCAULIFFE, Superintendent of Riverview
Correctional Facility, in his official and personal capacity,
JOHN WOOD, acting Superintendent of Shawangunk
Correctional Facility, in his official and personal capacity,
MARLYN KOPP, Superintendent of Sing Sing
Correctional Facility, in her official and personal capacity,
EMILY WILLIAMS, Superintendent of Taconic
Correctional Facility, in her official and personal capacity,
STACIE BENNETT, Superintendent of Ulster
Correctional Facility, in her official and personal capacity,
DONALD UHLER, Superintendent of Upstate
Correctional Facility, in his official and personal capacity,
PHIL MELECIO, Superintendent of Wallkill
Correctional Facility, in his official and personal capacity,
CHRISTOPHER COLLINS, Superintendent of Washington
Correctional Facility, in his official and personal capacity,
CHRISTOPHER YEHL, Superintendent of Wende
Correctional Facility, in his official and personal capacity,
DAVID HOWARD Superintendent of Woodbourne
Correctional Facility, in his official and personal capacity,
And MICHAEL HILL, Superintendent of Wyoming
Correctional Facility, in his official and personal capacity,

Defendants.

_____

Plaintiff Eric Daugherty, individually and on behalf of a proposed class of wrongfully

terminated corrections officers, and plaintiffs Jeff Pierce, Jordan Pocobello,  Patrick Ryan, Denise

Vaillancourt, Randy Griffith, Jared Facteau, Tyler Daniels, David Bonk, Aaron Cleland, Jeffrey

Greene, Blake Graham, Anthony Tacti, Verdon Nichols, Ryan Knospe, Thomas Gumkowski,

Brian Hoornbeek, Clifton Cole, and all similarly situated corrections officers formerly employed by the New York State Department of Corrections and Community Supervision (each a "Plaintiff" and collectively "Plaintiffs"), by and through their attorneys, Duke Holzman Photiadis & Ritter LLP, as and for their Complaint against The State of New York ("New York"), New York State Department of Corrections and Community Supervision ("DOCCS"), and Kathy Hochul, Daniel Martuscello III, Jaifa Collado, Darren Ayotte, Andrew Boyd, Melinda Samuelson, Stanley Barton, Julie Wolcott,  Thomas Napoli, Dennis Bradford, Eileen Russel, Marcia Cleveland, Thomas Gee, Marie Josee King, Leanne Latona, Brooke Blaise, Lynn Lilley, Seiveright Miller, Kevin McCarthy, Michael Daye, Reginald Bishop, Sandra Danforth, Mark Rockwood, Mark Miller, Aaron Torres, Joey Clinton, Rachel Young, Stephen Brandow, Andrea Schneider, Bennie Thorpe, Bryan Hilton, Alfred Montegari, Amy Cook, Delta Barometre, Linda Carrington-Allen, Brian McAuliffe, John Wood, Marlyn Kopp, Emily Williams, Stacie Bennett, Donald Uhler, Phil Melecio, Christopher Collins, Christopher Yehl, David Howard, and Michael Hill, each in their official and personal capacities (each a "Defendant" and collectively "Defendants"), state and allege as follows:

<u>NATURE OF ACTION</u>

1.      This action concerns Defendants' unlawful interference with and relation against Plaintiffs and similarly situated corrections officers for using and exercising their legal rights under the Family and Medical Leave Act, 29 U.S.C. §§ 2601 *et seq.* ("FMLA")

2.      This action arises from Defendants' unilateral, systematic, and blanket termination of the employment and employment benefits of corrections officers using and exercising their FMLA-protected leave rights, Defendants' interference with, restriction of, and denial of corrections officers' exercise and attempts to exercise their FMLA-protected rights, and

Defendants' adverse employment actions and retaliation against corrections officers for exercising and attempting to exercise their lawful rights under the FMLA.

3.    In this action, Plaintiffs seek (1) monetary damages, including but not limited actual damages, liquidated damages, attorney's fees, litigation costs, and interest pursuant to the FMLA and controlling law, and (2) injunctive relief, including but not limited to the reinstatement of Plaintiffs' employment and all employment and health benefits pursuant to the FMLA and controlling law.

<u>PARTIES</u>

4.    Plaintiff Eric Daugherty is a New York resident and a former corrections officer employed by Defendants.

5.    Daugherty has been employed at Groveland Correctional Facility since 2011, and has been employed by DOCCS since 2007.

6.    On or about March 3, 2025, Defendants notified Daugherty that Defendants terminated his health benefits and that he was ineligible for health benefits under the Consolidated Omnibus Budget Reconciliation Act ("COBRA").

7.    On or about March 10, 2025, Defendants notified Daugherty that Defendants terminated his employment.

8.    Defendants' terminations of Daugherty's health benefits and employment were unlawful.

9.    Defendants' unlawful employment actions against Daugherty are continuing and ongoing.

10.    Plaintiff Jeff Pierce is a New York resident and a former corrections officer employed by Defendants.

11.    Pierce has been employed at Lakeview Shock Correctional Facility since 2018, and has been employed by DOCCS since 2006.

12.    On or about March 3, 2025, Defendants notified Pierce that Defendants terminated his health benefits and that he was ineligible for COBRA.

13.    On or about March 10, 2025, Defendants notified Pierce that Defendants terminated his employment.

14.    Defendants' terminations of Pierce's health benefits and employment were unlawful.

15.    Defendants' unlawful employment actions against Pierce are continuing and ongoing.

16.    Plaintiff Jordan Pocobello is a New York resident and a former corrections officer employed by Defendants.

17.    Pocobello has been employed at Orleans Correctional Facility since 2020, and has been employed by DOCCS since 2018.

18.    On or about March 3, 2025, Defendants notified Pocobello that Defendants terminated his health benefits and that he was ineligible for COBRA.

19.    On or about March 10, 2025, Defendants notified Pocobello that Defendants terminated his employment.

20.    Defendants' terminations of Pocobello's health benefits and employment were unlawful.

21.    Defendants' unlawful employment actions against Poccobello are continuing and ongoing.

22.    Plaintiff Jeffrey Greene is a New York resident and a former corrections officer employed by Defendants.

23.    Greene has been employed at Washington Correctional Facility since 2017.

24.    On or about March 3, 2025, Defendants notified Greene that Defendants terminated his health benefits and that he was ineligible for COBRA.

25.    On or about March 10, 2025, Defendants notified Greene that Defendants terminated his employment.

26.    Defendants' terminations of Greene's health benefits and employment were unlawful.

27.    Defendants' unlawful employment actions against Greene are continuing and ongoing.

28.    Plaintiff Blake Graham is a New York resident and a former corrections officer employed by Defendants.

29.    Graham has been employed at Lakeview Shock Correctional Facility since 2019 and has been employed by DOCCS since 2014.

30.    On or about March 3, 2025, Defendants notified Graham that Defendants terminated his health benefits and that he was ineligible for COBRA.

31.    On or about March 10, 2025, Defendants notified Graham that Defendants terminated his employment.

32.    Defendants' terminations of Graham's health benefits and employment were unlawful.

33.    Defendants' unlawful employment actions against Graham are continuing and ongoing.

34.     Plaintiff Tyler Daniels is a New York resident and a former corrections officer employed by Defendants.

35.     Daniels has been employed at Ulster Correctional Facility since 2022 and has been employed by DOCCS since 2014.

36.     On or about March 3, 2025, Defendants notified Daniels that Defendants terminated his health benefits and that he was ineligible for COBRA.

37.     On or about March 10, 2025, Defendants notified Daniels that Defendants terminated his employment.

38.     Defendants' terminations of Daniel's health benefits and employment were unlawful.

39.     Defendants' unlawful employment actions against Daniels are continuing and ongoing.

40.     Plaintiff Patrick Ryan is a New York resident and a former corrections officer employed by Defendants.

41.     Ryan has been employed at Altona Correctional Facility since 2017, and has been employed by DOCCS since 2000.

42.     On or about March 3, 2025, Defendants notified Ryan that Defendants terminated his health benefits and that he was ineligible for COBRA.

43.     On or about March 10, 2025, Defendants notified Ryan that Defendants terminated his employment.

44.     Defendants' terminations of Ryan's health benefits and employment were unlawful.

45.     Defendants' unlawful employment actions against Ryan are continuing and ongoing.

46.     Plaintiff Denise Vaillancourt is a New York resident and a former corrections officer employed by Defendants.

47.     Vaillancourt has been employed at Attica Correctional Facility since 2016.

48.     On or about March 3, 2025, Defendants notified Vaillancourt that Defendants terminated her health benefits and that she was ineligible for COBRA.

49.     On or about March 10, 2025, Defendants notified Vaillancourt that Defendants terminated her employment.

50.     Defendants' terminations of Vaillancourt's health benefits and employment were unlawful.

51.     Defendants' unlawful employment actions against Vaillancourt are continuing and ongoing.

52.     Plaintiff Randy Griffith is a New York resident and a former corrections officer employed by Defendants.

53.     Griffith has been employed at Mohawk Correctional Faciltiy since 2021, and has been employed by DOCCS since 2020.

54.     On or about March 3, 2025, Defendants notified Griffith that Defendants terminated his health benefits and that he was ineligible for COBRA.

55.     On or about March 10, 2025, Defendants notified Griffith that Defendants terminated his employment.

56.     Defendants' terminations of Griffith's health benefits and employment were unlawful.

57.    Defendants' unlawful employment actions against Griffith are continuing and ongoing.

58.    Plaintiff Jared Facteau is a New York resident and a former corrections officer employed by Defendants.

59.    Facteau has been employed at Altona Correctional Facility since 2021 and has been employed by DOCCS since 2000.

60.    On or about March 3, 2025, Defendants notified Facteau that Defendants terminated his health benefits and that he was ineligible for COBRA.

61.    On or about March 10, 2025, Defendants notified Facteau that Defendants terminated his employment.

62.    Defendants' terminations of Facteau's health benefits and employment were unlawful.

63.    Defendants' unlawful employment actions against Facteau are continuing and ongoing.

64.    Plaintiff David Bonk is a New York resident and a former corrections officer employed by Defendants.

65.    Bonk has been employed at Wende Correctional Facility since 2023, and has been employed by DOCCS since 2013.

66.    On or about March 3, 2025, Defendants notified Bonk that Defendants terminated his health benefits and that he was ineligible for COBRA.

67.    On or about March 10, 2025, Defendants notified Bonk that Defendants terminated his employment.

68.     Defendants' terminations of Bonk's health benefits and employment were unlawful.

69.     Defendants' unlawful employment actions against Bonk are continuing and ongoing.

70.     Plaintiff Aaron Cleland is a New York resident and a former corrections officer employed by Defendants.

71.     Cleland has been employed at Albion Correctional Facility since 2021, and has been employed by DOCCS since 2015.

72.     On or about March 3, 2025, Defendants notified Cleland that Defendants terminated his health benefits and that he was ineligible for COBRA.

73.     On or about March 10, 2025, Defendants notified Cleland that Defendants terminated his employment.

74.     Defendants' terminations of Cleland's health benefits and employment were unlawful.

75.     Defendants' unlawful employment actions against Cleland are continuing and ongoing.

76.     Plaintiff Verdon Nichols is a New York resident and a former corrections officer employed by Defendants.

77.     Nichols has been employed at Wallkill Correctional Facility since 2012.

78.     On or about March 3, 2025, Defendants notified Nichols that Defendants terminated his health benefits and that he was ineligible for COBRA.

79.     On or about March 10, 2025, Defendants notified Nichols that Defendants terminated his employment.

80.     Defendants' terminations of Nichols's health benefits and employment were unlawful.

81.     Defendants' unlawful employment actions against Nichols are continuing and ongoing.

82.     Plaintiff Ryan Knospe is a New York resident and a former corrections officer employed by Defendants.

83.     Knospe has been employed at Wyoming Correctional Facility since 2024, and has been employed by DOCCS since 2015.

84.     On or about March 3, 2025, Defendants notified Knospe that Defendants terminated his health benefits and that he was ineligible for COBRA.

85.     On or about March 10, 2025, Defendants notified Knospe that Defendants terminated his employment.

86.     Defendants' terminations of Knospe's health benefits and employment were unlawful.

87.     Defendants' unlawful employment actions against Knospe are continuing and ongoing.

88.     Plaintiff Thomas Gumkowski is a New York resident and a former corrections officer employed by Defendants.

89.     Gumkowski has been employed at Collins Correctional Facility since 2015, and has been employed by DOCCS since 2014.

90.     On or about March 3, 2025, Defendants notified Gumkowski that Defendants terminated his health benefits and that he was ineligible for COBRA.

91.     On or about March 10, 2025, Defendants notified Gumkowski that Defendants terminated his employment.

92.     Defendants' terminations of Gumkowski's health benefits and employment were unlawful.

93.     Defendants' unlawful employment actions against Gumkowski are continuing and ongoing.

94.     Plaintiff Brian Hoornbeek is a New York resident and a former corrections officer employed by Defendants.

95.     Hoornbeek has been employed at Ulster Correctional Facility since 2017, and has been employed by DOCCS since 2016.

96.     On or about March 3, 2025, Defendants notified Hoornbeek that Defendants terminated his health benefits and that he was ineligible for COBRA.

97.     On or about March 10, 2025, Defendants notified Hoornbeek that Defendants terminated his employment.

98.     Defendants' terminations of Hoornbeek's health benefits and employment were unlawful.

99.     Defendants' unlawful employment actions against Hoornbeek are continuing and ongoing.

100.    Plaintiff Anthony Tacti is a New York resident and a former corrections officer employed by Defendants.

101.    Tacti has been employed at Ulster Correctional Facility since 2015

102.    On or about March 3, 2025, Defendants notified Tacti that Defendants terminated his health benefits and that he was ineligible for COBRA.

103.    On or about March 10, 2025, Defendants notified Tacti that Defendants terminated his employment.

104.    Defendants' terminations of Tacti's health benefits and employment were unlawful.

105.    Defendants' unlawful employment actions against Tacti are continuing and ongoing.

106.    Plaintiff Clifton Cole is a New York resident and a former corrections officer employed by Defendants.

107.    Cole has been employed at Collins Correctional Facility since 2022, and has been employed by DOCCS since 2007.

108.    On or about March 3, 2025, Defendants notified Cole that Defendants terminated his health benefits and that he was ineligible for COBRA.

109.    On or about March 10, 2025, Defendants notified Cole that Defendants terminated his employment.

110.    Defendants' terminations of Cole's health benefits and employment were unlawful.

111.    Defendants' unlawful employment actions against Cole are continuing and ongoing.

112.    The State of New York is the governmental entity responsible for the administration and enforcement of laws governing public employment, including DOCCS employees.

113.    Kathy Hochul is the governor of the State of New York.

114.    DOCCS was and is a department or agency of the State of New York, organized and existing under the laws of the State of New York.

115.    Upon information and belief, DOCCS is responsible for the administration of correctional facilities, the employment of correction officers, and correction officers' employment-related benefits.

116.    Daniel Martuscello III is the Commissioner of DOCCS.

117.    Jaifa Collado is the Executive Deputy Commissioner of DOCCS.

118.    Darren Ayotte is the Deputy Commissioner for Administrative Services of DOCCS.

119.    Andrew Boyd is the Superintendent of Adirondack Correctional Facility.

120.    Melinda Samuelson is the Superintendent of Albion Correctional Facility.

121.    Stanley Barton is the Superintendent of Altona Correctional Facility.

122.    Julie Wolcott is the Superintendent of Attica Correctional Facility.

123.    Thomas Napoli is the Superintendent of Auburn Correctional Facility.

124.    Dennis Bradford is the Superintendent of Bare Hill Correctional Facility.

125.    Eilleen Russel is the Superintendent of Bedford Hills Correctional Facility.

126.    Marica Cleveland is the Superintendent of Cape Vincent Correctional Facility.

127.    Thomas Gee is the Superintendent of Cayuga Correctional Facility.

128.    Marie Josee King is the Superintendent of Clinton Correctional Facility.

129.    Leanne Latona is the Superintendent of Collins Correctional Facility.

130.    Brooke Blaise is the Superintendent of Coxsackie Correctional Facility.

131.    Lynn Lilley is the Superintendent of Easter Correctional Facility.

132.    Seiveright Miller is the Superintendent of Edgecomb Residential Treatment Facility.

133.    Kevin McCarthy is the Superintendent of Elmira Correctional Facility.

134.     Michael Daye is the Superintendent of Fishkill Correctional Facility.

135.     Reginald Bishop is the Superintendent of Five Points Correctional Facility.

136.     Sandra Danforth is the Superintendent of Franklin Correctional Facility.

137.     Mark Rockwood is the Superintendent of Gouverneur Correctional Facility.

138.     Mark Miller is the Superintendent of Green Haven Correctional Facility.

139.     Aaron Torres is the Superintendent of Greene Correctional Facility.

140.     Joey Clinton is the Superintendent of Groveland Correctional Facility.

141.     Rachel Young is the Superintendent of Hale Creek ASACTC.

142.     Stephen Brandow is the Superintendent of Hudson Correctional Facility.

143.     Andrea Schneider is the Superintendent of Lakeview Shock Incarceration Correctional Facility.

144.     Bennie Thorpe is the Superintendent of Marcy Correctional Facility.

145.     Bryan Hilton is the Superintendent of Mid-State Correctional Facility.

146.     Alfred Montegari is the Superintendent of Mohawk Correctional Facility.

147.     Amy Cook is the Superintendent of Orleans Correctional Facility.

148.     Delta Barometre is the Superintendent of Otisville Correctional Facility.

149.     Linda Carrington-Allen is the Superintendent of Queensboro Correctional Facility.

150.     Brian McAuliffe is the Superintendent of Riverview Correctional Facility.

151.     John Wood is the acting Superintendent of Shawangunk Correctional Facility.

152.     Marlyn Kopp is the Superintendent of Sing Sing Correctional Facility.

153.     Emily Williams is the Superintendent of Taconic Correctional Facility.

154.     Stacie Bennett is the Superintendent of Ulster Correctional Facility.

155.    Donald Uhler is the Superintendent of Upstate Correctional Facility.

156.    Phil Melecio is the Superintendent of Wallkill Correctional Facility.

157.    Christopher Collins is the Superintendent of Washington Correctional Facility.

158.    Christopher Yehl is the Superintendent of Wende Correctional Facility.

159.    David Howard is the Superintendent of Woodbourne Correctional Facility.

160.    Michael Hill is the Superintendent of Wyoming Correctional Facility.

161.    At all times relevant to this action, Defendants Kathy Hochul, Daniel Martuscello III, Jaifa Collado, Darren Ayotte, Andrew Boyd, Melinda Samuelson, Stanley Barton, Julie Wolcott,  Thomas Napoli, Dennis Bradford, Eileen Russel, Marcia Cleveland, Thomas Gee, Marie Josee King, Leanne Latona, Brooke Blaise, Lynn Lilley, Seiveright Miller, Michael Daye, Reginald Bishop, Sandra Danforth, Mark Rockwood, Mark Miller, Aaron Torres, Joey Clinton, Rachel Young, Stephen Brandow, Andrea Schneider, Bennie Thorpe, Bryan Hilton, Alfred Montegari, Amy Cook, Delta Barometre, Linda Carrington-Allen, Brian McAuliffe, John Wood, Marlyn Kopp, Emily Williams, Stacie Bennett, Donald Uhler, Phil Melecio, Christopher Collins, Christopher Yehl, David Howard, and Michael Hill had direction and control over Plaintiffs' employment, including but not limited to whether Plaintiffs' employment was terminated, whether Plaintiffs' employment benefits were terminated, and whether Plaintiffs' employment and benefits would be reinstated.

## JURISDICTION AND VENUE

162.    This Court has jurisdiction over this action because Plaintiffs' claims arise under federal law pursuant to 28 U.S.C. § 1331.

163.    A substantial part of the events or omissions giving rise to these claims occurred in the Western District of New York because several Plaintiffs are residents of and were employed

within the Western District of New York, including David Bonk, Aaron Cleland, Eric Daugherty, Blake Graham, Ryan Knospe, Jeff Pierce, Clifton Cole, Thomas Gumkowski, Jordan Pocobello, and Denise Vaillancourt.

164.    Defendants are agencies, departments, and/or employees of New York who, at all times relevant to this action, acted on behalf of New York.

BACKGROUND

## I.    ERIC DAUGHERTY

165.    Plaintiff Eric Daugherty has been employed by DOCCS as a corrections officer at Groveland Correctional Facility.

166.    On or about January 10, 2025, DOCCS approved Daugherty's leave under the FMLA to allow him to care for his wife and minor daughter, both of whom suffer from serious illnesses.

167.    On or about February 19, 2025, while using FMLA leave to assist his wife in receiving medical care at the Cleveland Clinic, Daugherty slipped and fell and became injured.

168.    Daugherty was approved for FMLA leave for his own injury on or about February 20, 2025.

169.    Daugherty's FMLA leave for his injury was approved through March 30, 2025.

170.    Despite Daugherty's authorized FMLA leave, Defendants demanded Daugherty return to work in or about March 2025.

171.    Daugherty did not return to work because he was authorized to take leave under the FMLA.

172.    Daugherty received a letter from DOCCS on or about March 3, 2025, informing him that Defendants cancelled his medical insurance.

173.    Daugherty received a letter from DOCCS on or about March 10, 2025, informing him his employment with DOCCS was terminated.

174.    Defendants denied Daugherty compensation for accrued overtime, accrued vacation time, accrued personal and sick leave, and retirement benefits.

175.    Defendants denied Daugherty collection of unemployment insurance.

176.    Defendants' termination of Daugherty's medical benefits was unlawful, including Defendants' violation of the FMLA.

177.    Defendants' termination of Daugherty's employment was unlawful, including Defendants' violation of the FMLA.

**II.    JORDAN POCOBELO**

178.    Plaintiff Jordan Pocobello has been employed by DOCCS as a corrections officer at Orleans Correctional Facility.

179.    On or about November 26, 2024, DOCCS approved Pocobello's leave under New York's Paid Parental Leave Law ("PPL") and the FMLA due to the impending birth of his child.

180.    Pocobello was approved to take 12 weeks of paid leave.

181.    Pocobello took his PPL and FMLA leave starting on or about January 13, 2025.

182.    Despite Pocobello's authorized leave, Defendants demanded Pocobello return to work in or about March 2025.

183.    Pocobello did not return to work because he was authorized to take leave under the PPL and the FMLA.

184.    Pocobello received a letter from DOCCS on or about March 3, 2025, informing him that Defendants cancelled his medical insurance.

185.    Pocobello received a letter from DOCCS on or about March 10, 2025, informing

him his employment with DOCCS was terminated.

186.    Defendants denied Pocobello compensation for accrued overtime, accrued vacation time, accrued personal and sick leave, and retirement benefits.

187.    Defendants denied Pocobello collection of unemployment insurance.

188.    Defendants' termination of Pocobello's medical benefits was unlawful, including Defendants' violation of the FMLA.

189.    Defendants' termination of Pocobello's employment was unlawful, including Defendants' violation of the FMLA.

### III.    JEFF PIERCE

190.    Plaintiff Jeff Pierce has been employed by DOCCS as a corrections officer at Lakeview Shock Correctional Facility.

191.    On or about January 16, 2025, Pierce was approved to take FMLA leave to care for his minor son, who at all relevant times suffered, and continues to suffer from serious illness.

192.    On or about January 30, 2025, Pierce received approval to use FMLA leave for February 18, 2025, through March 14, 2025.

193.    Despite Pierce's authorized FMLA leave, Defendants demanded Pierce return to work in or about March 2025.

194.    Pierce did not immediately return to work because he was authorized to take leave under the FMLA.

195.    Pierce received a letter from DOCCS on or about March 3, 2025, informing him that Defendants cancelled his medical insurance.

196.    Pierce received a letter from DOCCS on or about March 10, 2025, informing him his employment with DOCCS was terminated.

197.    Defendants denied Pierce compensation for accrued overtime, accrued vacation

time, accrued personal and sick leave, and retirement benefits.

198.    Defendants denied Pierce collection of unemployment insurance.

199.    Defendants' termination of Pierce's medical benefits was unlawful, including Defendants' violation of the FMLA.

200.    Defendants' termination of Pierce's employment was unlawful, including Defendants' violation of the FMLA.

201.    The other Plaintiffs named herein were similarly subject to Defendants' adverse employment actions in violation of the FMLA, including Defendants' unlawful termination of their employment and employment benefits despite such Plaintiffs being on lawful leave pursuant to the FMLA.

## IV.    DEFENDANTS' CONDUCT

202.    On or about February 18, 2025, Defendant Ayotte notified all DOCCS superintendents via email that "Staff who are calling in FMLA should be ordered in just like everyone else. If they refuse to report for duty, they should be made AWOL as well for participating in the job action." Ayotte's February 18, 2025, email is attached hereto as **Exhibit A**.

203.    Upon information and belief, Defendant Ayotte was acting on behalf of New York, Kathy Hochul, Daniel Martuscello III, and Jaifa Collado in sending the February 18, 2025, email.

204.    Upon information and belief, at a time after February 18, 2025, Defendant Joey Clinton posted a notice at Groveland Correctional Facility stating that "ANY SECURITY STAFF MEMBER (CO OR SGT) CALLING IN, WILL BE ORDERED TO WORK AND MARKED AWOL ON THE 1202 UNTIL FURTHER NOTICE." Clinton's post is attached hereto as **Exhibit B**.

205.    Upon information and belief, Clinton was acting on behalf of New York, Kathy Hochul, Daniel Martuscello III, Jaifa Collado, and Darren Ayotte in posting the notice attached hereto as **Exhibit B**.

206.    On or about March 3, 2025, Defendants unilaterally and systematically terminated Plaintiffs' health insurance benefits without investigation into or consideration of their FMLA statuses.

207.    On or about March 10, 2025, Defendants unilaterally and systematically terminated Plaintiffs' employment without investigation into or consideration of their FMLA statuses.

208.    On or about March 10, Kathy Hochul, as governor of New York, issued Executive Order No. 47.3 (the "Executive Order"). The Executive Order is attached hereto as **Exhibit C**.

209.    The Executive Order states that "it is therefore necessary to establish a State policy barring the hiring of individuals participating in the illegal and unlawful strike and recommending their separation from State service be reported as a removal for cause, consistent with State law and applicable regulations."

210.    The Executive Order also states that "No New York State agency shall hire or appoint any individual who was previously employed by the Department of Corrections and Community Supervision and thereafter separated from such employment in connection with such individual's participation in the illegal and unlawful strike."

211.    The Executive Order barred Plaintiffs from State employment, as Defendants considered Plaintiffs "AWOL" despite taking lawful leave under the FMLA.

212.    The Executive Order unilaterally and systematically barred Plaintiffs from future employment with any New York State agency without investigation into or consideration of their FMLA statuses.

213.    On or about March 11, 2025, Defendant Joey Clinton sent an email to Groveland Correctional Facility employees stating that "ANY SECURITY STAFF MEMBER (CO OR SGT) CALLING IN, WILL BE ORDERED TO WORK AND MARKED AWOL ON THE 1202 UNTIL FURTHER NOTICE." Clinton's email is attached hereto as **Exhibit D**.

214.    Upon information and belief, Defendant Clinton was acting on behalf of New York, Kathy Hochul, Daniel Martuscello III, Jaifa Collado, and Darren Ayotte in sending the email attached hereto as **Exhibit D**.

215.    After unlawfully terminating Plaintiffs' medical benefits and employment, and barring them from any future State employment, Defendants refused to pay Plaintiffs their earned benefits, including but not limited to accrued overtime, accrued vacation time, accrued personal and sick leave, and retirement benefits.

216.    After unlawfully terminating Plaintiffs' medical benefits and employment, and barring them from any future State employment, Defendants prohibited Plaintiffs from collecting unemployment insurance.

217.    Defendants' unlawful conduct towards Plaintiffs is ongoing and continuing in nature.

<u>CLASS ACTION ALLEGATIONS</u>

218.    Plaintiffs bring this action as a class action pursuant to Federal Rules of Civil Procedure 23(a)(3) and (b)(3) on behalf of a class consisting of all corrections officers terminated by Defendant in or about March 2025.

219.    Defendants unilaterally and systematically terminated the employment of corrections officers employed by DOCCS and those similarly situated to Plaintiffs without investigation into or consideration of their lawful leave statuses.

220.    Plaintiffs and those corrections officers similarly situated suffered adverse employment actions, including termination, that interfered with their rights in violation of the FMLA.

221.    Plaintiffs and those corrections officers similarly situated suffered adverse employment actions, including termination, in retaliation for asserting rights protected under the FMLA.

222.    The members of the Class are so numerous that joinder of all members is impracticable.  While the exact number of Class members is unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs believe there are least 100 members in the proposed Class. It is believed that other members of the proposed Class will be identified through records maintained by and in the possession of Defendants.

223.    Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

(a)       That Defendants adopted a uniform policy to disregard DOCCS employees' FMLA rights and terminated  members of the Class while they took or attempted to take authorized leave.

(b)       That Defendants retaliated against DOCCS employees who attempted to or did exercise FMLA rights by terminating members of the Class while they took or attempted to take authorized leave.

(c)       That Defendant's policy of blanket termination for corrections officers who did not return to work, regardless of if a corrections officer was on authorized FMLA leave, violated the FMLA.

(d)      That the members of the Class have sustained damages, including the loss of wages and benefits, such as health insurance, COBRA benefits, earned vacation, sick, and personal leave time, retirement benefits, and unemployment insurance.

224.    The claims of the proposed Class representative, Eric Daugherty, are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful acts in violation of federal law as complained of herein.

225.    The proposed Class representative, Eric Daugherty, will fairly and adequately protect the interests of the Class and has, along with the other named Plaintiffs, retained counsel competent and experienced in litigation, and has no interests which conflict with the Class.

226.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. There are at least 100 corrections officers who were adversely affected by Defendants' blanket termination policy despite being on leave permitted by the FMLA.

227.    Further, the expense and burden of individual litigation make it difficult and likely impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action.

228.    In the alternative, the Class may be certified under Federal Rule of Civil Procedure 23(b)(1) and/or 23(b)(2) because: (a) the prosecution of separate actions by the individual Class members would create a risk of incompatible standards of conduct for Defendants; (b) the prosecution of separate actions by individual Class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other Class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and (c) Defendants have acted or refused to act on grounds generally

applicable to the Class, thereby making appropriate final injunctive relief with respect to the Class as a whole.

### FIRST CAUSE OF ACTION
INTERFERENCE UNDER THE FMLA (29 USC § 2601 *ET SEQ.*)

229.    Plaintiffs repeat and re-allege the preceding paragraphs as if fully set forth and incorporated herein.

230.    It is unlawful for an employer to interfere with, restrain, or deny the exercise of or the attempt to exercise an FMLA-protected right.

231.    Plaintiffs engaged in protected activity by exercising their rights under the FMLA by taking and/or attempting to take leave approved and permitted under the FMLA.

232.    Defendants, through agents, officers, and/or employees, interfered, restrained, and/or denied the exercise of/attempt to exercise Plaintiffs' rights under the FMLA by demanding Plaintiffs return to work while on leave permitted under the FMLA and/or while exercising or attempting to exercise their rights under the FMLA.

233.    Defendants, through agents, officers, and/or employees, interfered, restrained, and/or denied the exercise of/attempt to exercise Plaintiffs' rights under the FMLA by unlawfully terminating Plaintiffs' employment for not returning to work while on leave permitted under the FMLA and/or while exercising or attempting to exercise their rights under the FMLA.

234.    Defendants, through agents, officers, and/or employees, interfered, restrained, and/or denied the exercise of/attempt to exercise Plaintiffs' rights under the FMLA by unlawfully terminating Plaintiffs' health and other benefits for not returning to work while on leave permitted under the FMLA and/or while exercising or attempting to exercise their rights under the FMLA.

235.    Defendants unlawful conduct and violations of the FMLA are ongoing and continuing.

236.    By reason of the foregoing, Plaintiffs and all other Class members are entitled to judgment against Defendants for monetary damages in an amount to be proven at trial, including but not limited to statutory and liquidated damages under FMLA, compensation for lost wages, employment benefits, accrued overtime, accrued vacation time, accrued personal and sick leave, retirement benefits, and unemployment insurance, attorney's fees, litigation fees, and costs under the FMLA, and interest.

237.    By reason of the foregoing, Plaintiffs and all other Class members are entitled to injunctive relief against Defendants, including but not limited to the reinstatement of employment and all employment benefits, including but not limited to health insurance and benefits, retirement benefits, and earned vacation, sick, and personal leave time.

<u>**SECOND CAUSE OF ACTION**</u>
RETALIATION UNDER THE FMLA (29 USC § 2601 *ET SEQ*.)

238.   Plaintiffs repeat and re-allege the preceding paragraphs as if fully set forth and incorporated herein.

239.    Plaintiffs engaged in protected activity by exercising their rights under the FMLA by taking and/or attempting to take leave approved and permitted under the FMLA.

240.    Defendants, through agents, officers, and/or employees, took adverse employment actions against Plaintiffs by demanding Plaintiffs return to work while on leave permitted under the FMLA and/or while exercising or attempting to exercise their rights under the FMLA.

241.    Defendants, through agents, officers, and/or employees, took adverse employment actions against Plaintiffs by terminating Plaintiffs' employment, medical insurance, and other employment benefits while and because Plaintiffs took leave permitted under the FMLA and/or exercised or attempted to exercise their rights under the FMLA.

242.    Defendants, through agents, officers, and/or employees, took adverse employment actions against Plaintiffs by prohibiting Plaintiffs from collecting unemployment insurance.

243.    Defendants, through agents, officers, and/or employees, took adverse employment actions against Plaintiffs by issuing the Executive Order, which wrongly barred Plaintiffs from future State employment.

244.    Defendants' adverse employment actions against Plaintiffs materially altered the terms, conditions, and privileges of their employment.

245.    Defendants took these adverse employment actions in retaliation for Plaintiffs' exercise of their rights under the FMLA.

246.    Defendants' alleged justifications for their adverse employment actions against Plaintiffs are pretextual and false.

247.    Defendants' alleged justifications for its adverse employment actions against Plaintiffs seek to conceal Defendant's unlawful intent to retaliate against Plaintiffs for exercising their rights under the FMLA.

248.    Defendants unlawful conduct and violations of the FMLA are ongoing and continuing.

249.    By reason of the foregoing, Plaintiffs and all other Class members are entitled to judgment against Defendants for monetary damages in an amount to be proven at trial, including but not limited to statutory and liquidated damages under FMLA, compensation for lost wages, employment benefits, accrued overtime, accrued vacation time, accrued personal and sick leave, retirement benefits, and unemployment insurance, attorney's fees, litigation fees, and costs under the FMLA, and interest.

250.    By reason of the foregoing, Plaintiffs and all other Class members are entitled to injunctive relief against Defendants, including but not limited to the reinstatement of employment and all employment benefits, including but not limited to health insurance and benefits, retirement benefits, and earned vacation, sick, and personal leave time.

<u>CONCLUSION</u>

WHEREFORE, Plaintiffs respectfully request that this Court enter judgment against Defendant, and enter an Order in favor of the named Plaintiffs and the Class as follows:

1.  On the First Cause of Action, granting judgment against Defendants:
    a.  For monetary damages in an amount to be determined at trial, including but not limited to statutory and liquidated damages under FMLA, compensation for lost wages, employment benefits, accrued overtime, accrued vacation time, accrued personal and sick leave, retirement benefits, and unemployment insurance, attorney's fees, litigation fees, and costs under the FMLA, and interest; and
    b.  For injunctive relief, including but not limited to the reinstatement of employment and all employment benefits, including but not limited to health insurance and benefits, retirement benefits, and earned vacation, sick, and personal leave time.

2.  On the Second Cause of Action, granting judgment against Defendants:
    a.  For monetary damages in an amount to be determined at trial, including but not limited to statutory and liquidated damages under FMLA, compensation for lost wages, employment benefits, accrued overtime, accrued vacation time, accrued personal and sick leave, retirement benefits, and unemployment insurance, attorney's fees, litigation fees, and costs under the FMLA, and interest; and
    b.  For injunctive relief, including but not limited to the reinstatement of employment and all employment benefits, including but not limited to health insurance and benefits, retirement benefits, and earned vacation, sick, and personal leave time.

3.  Granting such other and further relief as the Court deems just and proper.

## **JURY DEMAND**

Plaintiffs hereby demand a trial by jury on all issues of fact and damages claimed in the foregoing complaint.

Dated:    Buffalo, New York
          May 30, 2025

DUKE HOLZMAN PHOTIADIS & RITTER LLP

By:    /s/ Charles C. Ritter, Jr.
       _____
       Charles C. Ritter, Jr.
       Steven W. Klutkowski
       *Attorneys for Plaintiffs*
       701 Seneca Street, Suite 750
       Buffalo, New York 14210
       Tel: (716) 855-1111
       critter@dukeholzman.com
       sklutkowski@dukeholzman.com